# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT E. MORRIS, #R71372, | ) |
| | ) |
|          **Plaintiff,** | ) |
| | ) |
| vs. | )   Case No. 17-cv-01166-JPG |
| | ) |
| DR. TROST, | ) |
| | ) |
|          **Defendant.** | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Robert Morris, an inmate who is incarcerated at Menard Correctional Center, filed a civil rights action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights. *See Morris v. Lee, et al.*, No. 17-cv-00857-NJR-DGW (S.D. Ill.) ("original action"). He brought several unrelated claims against different groups of defendants in the original action. (Doc. 1, original action). On October 24, 2017, this Court severed the claims into two additional cases. (Doc. 7, original action; Doc. 1, instant case) ("Severance Order"). The instant case addresses a single Eighth Amendment claim against Doctor Trost, a doctor at Menard who allegedly cancelled a medical permit for two mattresses that was issued to Plaintiff at Stateville Correctional Center. ("Count 1," original action). (Doc. 1, p. 7). Plaintiff claims that Doctor Trost "deliberately" disregarded his permit and, in doing so, committed medical malpractice. (Doc. 2, pp. 10, 15-21). He seeks monetary damages against the doctor. *Id*.

This case is now before the Court for a preliminary review of the Eighth Amendment claim in Count 1 and a related Illinois medical negligence claim in Count 2 pursuant to 28 U.S.C. § 1915A, which provides:

    (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as

soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

(b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–

(1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* Complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

The Complaint indicates that Plaintiff suffers from chronic back pain. (Doc. 2, pp. 10, 17-19). During his incarceration at Stateville Correctional Center, he received a medical permit for two mattresses. (Doc. 2, pp. 10, 15-21). Doctor Obasi, the prison medical director, issued a one-year permit on March 15, 2016. (Doc. 2, pp. 10, 17).

After transferring to Menard on November 26, 2016, Plaintiff met with Doctor Trost on December 7, 2016. (Doc. 2, p. 10). The doctor took notice of the permit and also noted that it expired on March 15, 2017. *Id*. Without examining Plaintiff's back or considering his complaints of chronic pain, Doctor Trost decided to cancel the permit. *Id*. As a result, Plaintiff

2

suffered from "excruciating pain and agony." *Id*. He filed a grievance seeking reinstatement of the permit. (Doc. 2, pp. 18-19). In the grievance, he rated his back pain as an "11" on a scale from "1" to "10," where "10" represents the highest level of pain. *Id*. He also requested physical therapy. *Id*. Plaintiff's grievance was denied. (Doc. 2, pp. 20-21). Plaintiff now claims that Doctor Trost committed medical malpractice when cancelling his permit and subjecting him to ongoing pain. (Doc. 2, p. 10).

## Discussion

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court deems it appropriate to re-characterize the severed claim in Plaintiff's *pro se* Complaint (Doc. 2) into the following two counts:

> **Count 1 –** Eighth Amendment deliberate indifference claim against Trost for failing to honor the two mattress medical permit issued when Plaintiff was incarcerated at Stateville Correctional Center.
>
> **Count 2 -** Illinois medical negligence claim against Trost for failing to honor the two mattress medical permit issued when Plaintiff was incarcerated at Stateville Correctional Center.

(Doc. 1, p. 7, original action; Doc. 2, pp. 10, 15-21, instant case). The parties and the Court will continue to use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.

## Count 1

To state a claim under the Eighth Amendment for the denial of adequate medical care, a prisoner must make two showings. First, he must demonstrate that he suffers from a sufficiently serious medical condition, which is an objective standard. *Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014); *Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011). A medical condition

satisfies the objective standard if it has been diagnosed as requiring treatment or the need for treatment would be obvious to a layperson. *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009). Plaintiff's chronic back pain satisfies the objective component of this claim at screening. *See, e.g., Diaz v. Godinez*, 693 F. App'x 440, 443 (7th Cir. 2017) (chronic back pain was objectively serious even though it was treatable with over-the-counter pain medication).

Second, Plaintiff must also demonstrate that the prison doctor exhibited deliberate indifference toward the condition, which is a subjective standard. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Deliberate indifference is shown when a prison official knows about the condition and the risks it poses, but disregards that risk. *Gil v. Reed*, 381 F.3d 649, 664 (7th Cir. 2004) (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). Negligence or malpractice does not satisfy this standard. *Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008).

Although Plaintiff alleges that Doctor Trost engaged in conduct that constitutes medical malpractice, his allegations otherwise support a claim of deliberate indifference against the doctor. *See Norfleet v. Walker*, 684 F.3d 688 (7th Cir. 2012) (courts must analyze a *pro se* litigant's potential claims and not just the legal theories he propounds). According to the Complaint, the doctor was aware that Plaintiff's back condition necessitated the use of two mattresses. (Doc. 2, p. 10). Doctor Trost allegedly took notice of the medical permit on December 7, 2016. *Id*. Without examining Plaintiff, the doctor cancelled the permit. *Id*. Consequently, Plaintiff suffered from agonizing back pain. *Id*. Although disagreement with a medical professional about the proper course of treatment is generally insufficient to support a claim under the Eighth Amendment, a doctor's deliberate decision to deny a prisoner access to treatment deemed medically necessary – without further examination of the plaintiff – may be sufficient to support a claim. *Pyles*, 771 F.3d at 409. Doctor Obasi deemed the two mattress

4

permit to be medically necessary, and, according to the allegations, Doctor Trost cancelled the permit for no reason. (Doc. 2, p. 10). Plaintiff does not need to show that the doctor actually intended or desired to cause him harm. *Cesal v. Moats*, 851 F.3d 714, 722 (7th Cir. 2017) (citing *Walker v. Benjamin*, 293 F.3d 1030, 1037 (7th Cir. 2002)). Medical treatment that is "so blatantly inappropriate as to evidence intentional mistreatment" or that is "likely to seriously aggravate the prisoner's condition" can support an inference of intentional mistreatment. *Gil*, 381 F.3d at 664 (citing *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996), cert. denied, 519 U.S. 1126 (1997)). *See also Petties v. Carter*, 836 F.3d 722, 731 (7th Cir. 2016) (en banc). Given that Doctor Trost's cancellation of the permit resulted in agonizing and untreated back pain, Count 1 cannot be dismissed against this defendant.

**Count 2**

The Complaint does not support an independent state law claim for medical malpractice against Doctor Trost. A defendant can never be held liable under § 1983 for negligence. *Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Zarnes v. Rhodes*, 64 F.3d 285, 290 (7th Cir. 1995). As the Seventh Circuit has explained, "medical malpractice in the form of an incorrect diagnosis or improper treatment does not state an Eighth Amendment claim." *Gutierrez v. Peters*, 111 F.3d 1364, 1374 (7th Cir. 1997); *Snipes*, 95 F.3d at 590 ("Mere negligence or even gross negligence does not constitute deliberate indifference.").

However, where a district court has original jurisdiction over a civil action such as a § 1983 claim, it also has supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367(a), so long as the state claims "derive from a common nucleus of operative fact" with the original federal claims. *Wisconsin v. Ho-Chunk Nation,* 512 F.3d 921, 936 (7th Cir. 2008). "A loose factual connection is generally sufficient." *Houskins v. Sheahan*,

5

549 F.3d 480, 495 (7th Cir. 2008) (citing *Baer v. First Options of Chicago, Inc.,* 72 F.3d 1294, 1299 (7th Cir. 1995)).

Under Illinois law, a Plaintiff "[i]n any action, whether in tort, contract or otherwise, in which the plaintiff seeks damages for injuries or death by reason of medical, hospital, or other healing art malpractice," must file an affidavit along with the complaint, declaring one of the following: 1) that the affiant has consulted and reviewed the facts of the case with a qualified health professional who has reviewed the claim and made a written report that the claim is reasonable and meritorious (and the written report must be attached to the affidavit); 2) that the affiant was unable to obtain such a consultation before the expiration of the statute of limitations, and affiant has not previously voluntarily dismissed an action based on the same claim (and in this case, the required written report shall be filed within 90 days after the filing of the complaint); or 3) that the plaintiff has made a request for records but the respondent has not complied within 60 days of receipt of the request (and in this case the written report shall be filed within 90 days of receipt of the records). *See* 735 ILL. COMP. STAT. § 5/2-622(a) (West 2017).[1] A separate affidavit and report shall be filed as to each defendant. *See* 735 ILL. COMP. STAT. § 5/2-622(b).

Plaintiff filed no certificate or affidavit with the Complaint. Failure to file the required certificate is grounds for dismissal of the claim. *See* 735 ILL. COMP. STAT. § 5/2-622(g); *Sherrod v. Lingle*, 223 F.3d 605, 613 (7th Cir. 2000). Whether such dismissal should be with or without

---

[1] The August 25, 2005, amendments to a prior version of this statute were held to be unconstitutional in 2010. *Lebron v. Gottlieb Mem. Hosp.*, 930 N.E.2d 895 (Ill. 2010) (Holding P.A. 94-677 to be unconstitutional in its entirety). After *Lebron*, the previous version of the statute continued in effect. *See Hahn v. Walsh*, 686 F. Supp. 2d 829, 832 n.1 (C.D. Ill. 2010). The Illinois legislature re-enacted and amended 735 ILL. COMP. STAT. § 5/2-622 effective January 18, 2013 (P.A. 97-1145), to remove any question as to the validity of this section. *See* notes on Validity of 735 ILL. COMP. STAT. § 5/2-622 (West 2013).

6

prejudice is up to the sound discretion of the court. *Sherrod*, 223 F.3d at 614. "Illinois courts have held that when a plaintiff fails to attach a certificate and report, then 'a sound exercise of discretion mandates that [the plaintiff] be at least afforded an opportunity to amend her complaint to comply with section 2-622 before her action is dismissed with prejudice.'" *Id.*

The medical negligence claim shall be considered dismissed without prejudice at this time. However, Plaintiff shall be allowed 35 days to file the required affidavit(s), if he desires to seek reinstatement of this claim. The certificate(s) of merit must also be filed, in accordance with the applicable section of § 5/2-622(a). Should Plaintiff fail to timely file the required affidavits/certificates, the dismissal of the medical negligence claim may become a dismissal with prejudice. *See* FED. R. CIV. P. 41(b).

## Disposition

**IT IS HEREBY ORDERED** that **COUNT 1** survives screening and is subject to further review against Defendant **DOCTOR TROST**.

**IT IS FURTHER ORDERED** that **COUNT 2** is **DISMISSED** without prejudice against Defendant **TROST**. If Plaintiff wishes to move the Court to reinstate the medical malpractice/negligence claims in **COUNT 2** against Defendant **TROST**, Plaintiff shall file the required affidavit(s) pursuant to 735 ILL. COMP. STAT. § 5/2-622, within 35 days of the date of this order (on or before January 5, 2018). Further, Plaintiff shall timely file the required written report(s)/certificate(s) of merit from a qualified health professional, in compliance with § 5/2-622. Should Plaintiff fail to timely file the required affidavits or reports, the dismissal of **COUNT 2** may become a dismissal **with prejudice**.

With regard to **COUNT 1**, the Clerk of Court shall prepare for Defendant **TROST:** (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6

7

(Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the Memorandum and Severance Order (Doc. 1), the Complaint (Doc. 2), and this Memorandum and Order to the Defendant's place of employment as identified by Plaintiff.  If the defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint (Doc. 2) and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a **United States Magistrate Judge** for further pre-trial proceedings.  Further, this entire matter shall be **REFERRED** to a **United States Magistrate Judge** for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, despite the fact that his application to proceed *in forma pauperis* was granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for

leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: November 30, 2017**

*s/J. Phil Gilbert*
**J. PHIL GILBERT**
**United States District Judge**